LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein
Attorneys for Defendants
39 Broadway, Suite 1620
New York, New York 10006
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| CHIEKO WAGATSUMA, | : | 15 Civ. 0489 (CM) |
| | : | |
| Plaintiff, | : | |
| - against - | : | **MOTION IN LIMINE** |
| | : | |
| SEI TOMOKO, INC., Individually and d/b/a SEI TOMOKO SALON, TOMOKO KAWAMOTO, Individually, and MOTOKI SHIMIZU, Individually, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Motion In Limine to Preclude Foreign-Language Documents**

**I.   The Certificates of Translation are Incompetent; the Documents are Accordingly Not Admissible**

Plaintiff's Exhibits 3-6 and 20 are Japanese-language documents accompanied by purported certificates of translation, as is a part of Plaintiff's Exhibit 21. The certificates, however, are incompetent. Each of the six certificates of translation recites: [1]

> Abacus Consulting Services, a company specializing in the translation of documents, certifies the following:
>
> Abacus Translation Services has retained a professional translator for the attached Japanese into English document. The document referred to is [name of document].
>
> I affirm that such translation has been prepared by a fully qualified translator, who has confirmed that such translation is, to the best of

---

[1] Copies of the certificates are annexed hereto as Exhibit 1.

> their [sic] knowledge and belief, a true and accurate translation in English of the corresponding Japanese document.
>
> I declare under the penalty of perjury that the forgoing is true and correct. Notwithstanding the foregoing affirmations, no liability is assumed for errors and omissions in the translation of the attached document.

That is, the maker of the certificate does not certify the translation, he merely reports that an unnamed translator declared that the translation is true and accurate. Accordingly, the purported certifications are hearsay; the documents are not admissible. *Ediciones Quiroga, S.L. v. Fall River Music, Inc.,* 1998 WL 851574 at *2 n.3 (S.D.N.Y. Dec. 7, 1998) ("Translations of foreign-language documents which are not certified as true and accurate translations and which do not even identify the translator ... are not admissible as evidence"); *United States v. Real Property known as Unit 5B of Onyx Chelsea Condominium Located at 261 West 28th Street, New York, New York 10001-5933*, 2011 WL 4151775 at * 8 (S.D.N.Y Aug. 26, 2011) (same), *Report and Recommendation rejected on other grounds*, 2011 WL 4359924 at * 2 (Sept. 19, 2011); *City of New York v. Geodata Plus, LLC Eyeglasses,* 537 F.Supp. 2d 443, 448 n.9 (E.D.N.Y. 2007) (same); *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Manufacturers Inc.*, 952 F.Supp.2d 542, 552 n.8, 554 n.9 (S.D.N.Y. 2013) (same); *G. Simons & Co. S.A. v. New Bar of North America*, 2005 WL 1137348, at *7 (S.D.N.Y. May 13, 2005) (foreign language document without certified translation is inadmissible hearsay and therefore not cognizable on summary judgment); *Regeda v. City of New York*, 2015 WL 5751117 at * 2 n.2 (E.D.N.Y. Sept. 30, 2015) (translation is inadmissible without a certification of translation and consequently not cognizable on summary judgment).

**II.     Plaintiff's Exhibit 21 is Not Translated**

Plaintiff's Exhibit 21 purports to be "[t]exts between Plaintiff and Oi Hikaru Barrington marked as Plaintiff's [deposition] Exhibits 3 and 4." JPTO ¶ VI.

**A.     Plaintiff's Exhibit 3**

No translation of Plaintiff's Exhibit 3 document is offered. An untranslated foreign-language document is not admissible. *See* authorities cited in Point I above.

Ms. Hikaru Barrington, a non-party, testifying in Japanese through an interpreter, read a portion of the document at her deposition on March 18, 2016 at the direction of Plaintiff's counsel. Counsel then questioned the witness briefly about the three-paragraph excerpt.[2] However, the entire 25-page document was not translated.[3]

When a writing or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part which ought in fairness to be considered contemporaneously with it. Fed. R. Evid. 106. In this case, defense counsel cannot even determine whether another part of the document ought to be considered, because an English translation of the document has not been provided.

**B.     Plaintiff's Exhibit 4**

Plaintiff's counsel introduced Exhibit 4 at the deposition of Defendant Tomoko Kawamoto on February 2, 2016.[4] However, counsel did not have the witness read any part of the

---

[2] The relevant pages of the deposition transcript are annexed hereto as Exhibit 2.

[3] A copy of the excerpt marked as deposition Exhibit 3 is annexed hereto as Exhibit 3(a). A copy of the complete document is annexed hereto as Exhibit 3(b-c) (divided into two parts due to the size limitations imposed by the court's ECF system).

[4] The relevant pages of the deposition transcript are annexed hereto as Exhibit 4.

document.

The only translation of the document offered is the non-conforming one discussed at Point I above.

III.   **The West 4th Street End of Year Sign (PX-3) is Irrelevant**

Plaintiff's Exhibit 3 is a sign setting forth cleaning tasks to be performed at Sei Tomoko.[5] Plaintiff contends that she will use this document to support her claim that she was an employee of Sei Tomoko. JPTO ¶ IV(A).  However, the document does not show Plaintiff's (or any other person's) name and is not probative of whether Plaintiff was an employee. It is therefore irrelevant and should be excluded under Fed. R. Evid. 401.

As noted at Point I above, the incompetent certificate of translation is a separate and independent basis for preclusion of the document.

IV.   **The "Notice" Sign (PX-4) is Irrelevant, Confusing to the Jury and Unduly Prejudicial**

Plaintiff's Exhibit 4 is a sign setting forth rules regarding the time that stylists at Sei Tomoko are required to be at their workstations, employee discounts and the prohibition on wearing sandals.[6]  Plaintiff contends that she will use this document to support her claim that she was an employee of Sei Tomoko. JPTO ¶ IV(A).  However, the document does not show

---

[5] A copy of the document with the purported translation thereof is annexed hereto as Exhibit 5.

[6] A copy of the document with the purported translation thereof is annexed hereto as Exhibit 6.

Plaintiff's (or any other person's) name and is not probative of whether Plaintiff was an employee. It is therefore irrelevant and should be excluded under Fed. R. Evid. 401.

The document also indicates that

> African American groups of robbers are abundant. Do not let suspicious-looking people into the salon. Be careful, especially at night.

The quoted language is not probative of whether Plaintiff was an employee of Sei Tomoko. It is, however, confusing to the jury and unduly prejudicial. In this case, Defendants are accused of unlawful employment conduct, *i.e.*, sexually harassing the plaintiff, retaliating against her for her complaints of sexual harassment and intentional infliction of emotional distress. Defendants are not accused of racial discrimination in the operation of public accommodations. However, the quoted language makes it appear that Defendants are guilty of racial discrimination. This invites the jury to punish the Defendants for uncharged misconduct.

If the jury were permitted to see the quoted language, Defendants would have no choice but to defend themselves against the uncharged racially-motivated conduct. In view of the limited probative value of the notice, defendants' attempt to rehabilitate themselves would constitute a waste of time and unduly delay the trial.

It is respectfully submitted that the likelihood of confusion, undue prejudice, waste of time and undue delay require preclusion of the "notice" under Fed. R. Evid. 403. As noted at Point I above, the incompetent certificate of translation is a separate and independent basis for preclusion of the document.

**IV.     The "Vacation" Sign (PX-5) is Irrelevant**

Plaintiff's Exhibit 5 is a sign setting forth the vacation entitlements of Sei Tomoko full- and part-time employees.[7] Plaintiff contends that she will use this document to support her claim that she was an employee of Sei Tomoko. JPTO ¶ IV(A).  However, the document does not show Plaintiff's (or any other person's) name and is not probative of whether Plaintiff was an employee. It is therefore irrelevant and should be excluded under Fed. R. Evid. 401.

As noted at Point I above, the incompetent certificate of translation is a separate and independent basis for preclusion of the document.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court issue an order precluding Plaintiff from offering Plaintiff's Exhibits 3-6 and 20-21 into evidence.

Dated:   New York, New York
         February 17, 2017

                                        Respectfully submitted,


                                        _____/s/_____

                                        Jonathan A. Bernstein
                                        Levy Davis & Maher, LLP
                                        39 Broadway, Suite 1620
                                        New York, New York 10006
                                        Tel:  (212) 371-0033
                                        Attorneys for Defendants

---

[7] A copy of the document with the purported translation thereof is annexed hereto as Exhibit 7.

To:    Daniel I. Neveloff, Esq.
        The Neveloff Law Firm, PC
        Attorneys for Plaintiff
        30 Broad Street, 35th Floor
        New York, New York 10004
        (212) 964-2066
        Attorneys for Plaintiff