USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHEIKO WAGATSUMA,

      Plaintiff,

  -against-                                          No. 15 Civ. 489 (CM) (GWG)

SEI TOMOKO, INC., et al.,

      Defendants.

------------------------------------------------------------x

## DECISION ON DEFENDANTS' SECOND MOTION IN LIMINE

McMahon, C.J.:

      Defendants move to exclude Plaintiff's Exhibits 3, 4, 5, 6, 20, and 21, all of which are documents that are, in whole or part, written in Japanese. Each is accompanied by a certificate of translation that Defendants assert is insufficient to certify the accuracy of the Japanese-to-English translation. Since filing this motion in limine, Plaintiff has produced supplemental certificates that correct the alleged insufficiency.

      Defendants further assert that Plaintiff's Exhibit 21, a series of text messages, is not translated. Plaintiff does not dispute this fact, but argues that Exhibit 21 is merely a subset of Plaintiff's Exhibit 20, which does have an accompanying translation. If that is the case, Exhibit 21 is a duplicate and will not be separately admitted.

      Defendants object to the admission of Plaintiff's Exhibits 3, 4, and 5, all of which are purportedly signs placed in Defendants' salon, as irrelevant. Plaintiff asserts that the signs are probative of Plaintiff's status as an employee of the salon, but none of the signs includes Plaintiff's name or the name of any other employee. All of the signs relate to the additional tasks that could be assigned to workers at the salon, penalties they face for tardiness or other violations of salon rules, and the salon's vacation policy. All of these requirements, if applied to Plaintiff, are probative of whether Plaintiff was an employee or independent contractor. *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 114 (2d Cir. 2000). The exhibits will not be excluded on the grounds of relevance.

      Plaintiff does not object to the redaction of Plaintiff's Exhibit 4 and the Court agrees with Defendants that the sentence regarding African-Americans is substantially more prejudicial than probative. Fed. R. Evid. 403. A redacted version of the Exhibit will be admitted.

The Clerk of the Court is directed to remove the motion at Docket No. 49 from the Court's list of open motions.

Dated: March 1, 2017

_____
Chief Judge

BY ECF TO ALL COUNSEL